UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

CARLTON KELLY

**DOCKET NO.: 15 CV 1271 (RJD)(JO)**

Plaintiff

- against -

**<u>AMENDED COMPLAINT</u>**

MARK SURASKY, in his individual
capacity, PETER MANEY, in his individual
capacity, PATRICK KELLY, in his individual
capacity, and COURT OFFICERS JOHN AND
JANE DOE # 1- 10, in their individual
capacities.

***JURY TRIAL DEMANDED***

Defendants
————————————————————X

**PLAINTIFF, CARLTON KELLY**, by and through his attorneys the ZACHARY

REIBSTEIN of the REIBSTEIN LAW GROUP and CORY H. MORRIS of the LAW OFFICES

OF CORY H. MORRIS, as and for his *Complaint* against the Defendants herein, states and

alleges as follows:

<u>PRELIMINARY STATEMENT</u>

1)     This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, abuse of process, assault, battery, excessive force, intentional infliction of

emotional distress, and gross negligence, brought pursuant to *42 U.S.C.* §§ 1981, 1983 and

1985 the 4th, 5th and 14th Amendment to the United States Constitution and New York State

Law.

2)     Specifically, the Plaintiff, CARLTON KELLY alleges that the Defendants

(collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3)      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants falsely detained, falsely arrested, maliciously prosecuted, unlawfully harassed, physically battered, assaulted, and used excessive force against Plaintiff, CARLTON KELLY.

4)      Plaintiff alleges that the Defendants (collectively and individually) used excessive force against Plaintiff and were grossly negligent in their arrest and subsequent detainment of Plaintiff and negligent, while in custody, in their failure to provide medical assistance to the Plaintiff prior to and after placing Plaintiff under arrest.

5)      Defendants were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff as described herein.

6)      As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and suffering, was caused to undergo medical treatment for serious physical injuries that he sustained at the hands of the Defendants as a result of their use of excessive force and failure to provide medical attention to Plaintiff. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, loss of liberty, loss of good name and

standing in the community, serious physical injuries, emotional distress and other cost/expenses.

7)      While Plaintiff was in the custody of Defendants no attempt or allowance was made to remedy the persisting injuries and offenses visited upon the person of CARLTON KELLY, in deliberate indifference to his health, safety and well-being. Further, above protests from both Plaintiff and Plaintiff's fiancée, Shaqueena Yarbrough, Plaintiff CARLTON KELLY was denied appropriate medical care and was forced to undergo hospitalization due to Defendants' willful indifference and excessive force.

## JURISDICTION AND VENUE

8)      The jurisdiction of this Court is invoked under 28 U.S.C.  §§ 1331 and 1343.

9)      This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

10)      Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Queens County.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

11)      On or about May 14, 2014, Plaintiff served notice of his intention to file a claim on the office of the New York State Attorney General. To date no adjustment or payment has been made on said claim.

12)      This action has been commenced within the three-year statute of

3

limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985.

## PARTIES

13)     Plaintiff CARLTON KELLY (hereinafter "PLAINTIFF") is a thirty-four-year-old African-American male who currently resides in Queens County, New York. Plaintiff was born in Jamaica and is not a United States born citizen. Plaintiff is currently engaged to United States citizen and has fathered three children, all of whom are United States citizens.

14)     At all times relevant in this Complaint, and upon information and belief, DEFENDANTS MARK SURASKY, PETER MANEY, and PATRICK KELLY are members of the NEW YORK STATE OFFICE OF COURT ADMINISTRATION and are employed by the State of New York. Defendants MARK SURASKY, PETER MANEY, and PATRICK KELLY are being sued herein in their individual capacity only.

15)     At all times relevant in this Complaint, and upon information and belief, DEFENDANT COURT OFFICERS JOHN AND JANE DOE # 1- 10 are members of the NEW YORK STATE OFFICE OF COURT ADMINISTRATION and are employed by NEW YORK STATE. Defendants JOHN AND JANE DOE # 1- 10 are being sued herein in their individual capacities only.


## FACTUAL ALLEGATIONS

16)     Plaintiff, CARLTON KELLY, maintained a residence at 75 Lincoln Avenue, Brooklyn, New York. At all times relevant in this Complaint, Plaintiff resided within the

4

Eastern District of New York, that being either in Queens, New York or in Brooklyn, New York.

17)     Plaintiff is an African American male. At all times relevant in this complaint, Defendants knew or had reason to know that Plaintiff had a serious heart condition and was required to undergo surgery for this condition. Specifically, the Plaintiff underwent Aortic Valve Replacement surgery in or about 2010.

18)     At all times relevant in this complaint, Plaintiff was engaged to his fiancée, Shaqueena Yarbrough ("Yarbrough"), an employee of the New York City Corrections Department. As part of her duties Ms. Yarbrough was required to carry a New York City Corrections Department issued badge identification (also known as a shield.)

19)     On or about May 5th, 2013 Ms. Yarbrough accidentally left her personal belongings in Plaintiff's automobile. Amongst those personal belongings was Ms. Yarbrough's New York City Corrections Department badge identification including a badge with her name and a New York City Corrections Department picture identification (ID).

20)     On May 6th, 2013 Plaintiff and his fiancée, Ms. Yarbrough, did discover that Ms. Yarbrough left the aforementioned personal belongings in Plaintiff's automobile. Knowing that it was important to safeguard, Ms. Yarbrough requested and Plaintiff did hold Ms. Yarbrough's personal belongings on his person for safe-keeping.

21)     That same day, May 6th, 2013, Plaintiff intended on going to Family Court to obtain an order of protection against a woman who continued to make threats against Plaintiff stemming from a failed relationship of which they shared.

5

22) On May 6th 2013 at approximately 2:15 PM, CARLTON KELLY entered the New York City Family Court building located at 151-20 Jamaica Avenue in Queens County, New York.

23) Plaintiff was lawfully present within the aforementioned New York City Family Court Building ("Family Court") and did, at that time, continue to possess his fiancée's identification and various personal belongings on his person. At no time did Plaintiff identify himself as or reveal his fiancée's identification to anyone, but merely carried it on his person.

24) Plaintiff did not state, intimate or otherwise pretend to be a law enforcement officer of any kind at any time, ever.

25) After entering Family Court, Plaintiff underwent the preliminary search conducted by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or Defendant COURT OFFICERS JOHN AND JANE DOE # 1- 10 ("DEFENDANT COURT OFFICERS") as part of their duties as employees of the NEW YORK STATE OFFICE OF COURT ADMINISTRATION. Part of this search required that Plaintiff remove some of his personal effects and pass through a metal detector.

26) As Plaintiff underwent the preliminary search to enter the Family Court, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS discovered Ms. Yarbrough's identification, wallet and personal belongings and told Plaintiff that he should 'check in' Ms. Yarbrough's identification. Upon learning that the identification did not belong to Plaintiff, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT

6

OFFICERS told Plaintiff that he would not be able to enter the Family Court.

27)     Plaintiff was detained by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS. Plaintiff was not allowed to enter the Family Court and was held for further questioning by Defendants.

28)     Plaintiff attempted to explain his relationship to Ms. Yarbrough and the possession of her identification. At no time did Plaintiff claim to be nor did Plaintiff identify himself as a law enforcement officer of any kind.

29)     After explaining himself, Plaintiff asked to leave and asked why he was being detained after complying with all of Defendant MARK SURASKY, PETER MANEY, PATRICK KELLY, and/or DEFENDANT COURT OFFICERS' requests and directions. In response, Defendants (collectively) ignored Plaintiff and placed Plaintiff in apprehension and fear that if he moved, he would be arrested and/or forcibly detained.

30)     Upon Plaintiff's further inquiry as to why he was being detained, Plaintiff was told by Defendant MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS that he should not "push buttons" or that he would have to "tell it to the judge." Defendants did continue to falsely detain, threaten and imply that Plaintiff was engaged in wrongdoing while Plaintiff protested his continued innocence.

31)     Defendant PATRICK KELLY, in his supervisory capacity observed and ratified all actions taken by all other Defendants and took no action to attempt to preserve Plaintiff's constitutional rights and medical needs.

32)     Upon information and belief Defendant MARK SURASKY, PETER

7

MANEY, PATRICK KELLY, and/or Defendant COURT OFFICERS did speak to Ms. Yarbrough and/or Ms. Yarbrough's supervising officer in regard to her identification and relationship with the Plaintiff, and although Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS knew or had reason to know that Plaintiff was simply holding onto, *inter alia*, his fiancée's identification and shield for safekeeping, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS did continue to illegally detain Plaintiff.

33)     Thereafter, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS did place Plaintiff in great fear and apprehension, threatening him with jail, confinement and false arrest if he spoke to Defendants, or, as Defendant MARK SURASKY, PETER MANEY, PATRICK KELLY, and/or DEFENDANT COURT OFFICERS stated, if he "push[ed] buttons." Further, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS did threaten and place Plaintiff in apprehension for his safety and further wellbeing by coming in close proximity and raising his voice to the Plaintiff's person while detaining and threatening the Plaintiff.

34)     Plaintiff continued to protest his innocence and asked to be released which prompted, *inter alia*, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and/or DEFENDANT COURT OFFICERS to falsely arrest, detain, imprison and employ excessive force in the arrest and malicious prosecution of the Plaintiff.

35)     Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and

8

DEFENDANT COURT OFFICERS did engage in the false arrest, initiation of criminal process and malicious prosecution against the Plaintiff. Plaintiff was arrested and charged with a violation of New York State Penal Law § 190.25-2, Criminal Impersonation in the Second Degree.

36)   Defendants MARK SURASKY, PETER MANEY, and PATRICK KELLY and/or DEFENDANT COURT OFFICERS did initiate criminal process against the Plaintiff, CARLTON KELLY, although Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS knew or had reason to know that Plaintiff merely possessed his fiancée's badge and did not attempt, at any time, to impersonate a law enforcement officer in violation of the abovementioned New York State Penal Law.

37)   Additionally, Defendants MARK SURASKY, PETER MANEY, PARTICK KELLY and DEFENDANT COURT OFFICERS knew and had reason to know that Plaintiff was lawfully present in the Family Court to obtain an order of protection and that he was merely safeguarding his fiancée's property.

38)   Furthermore, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS did know, were told and had reason to know that Plaintiff suffered from a heart condition and underwent heart surgery. Plaintiff stated and made clear to Defendant MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS that, if Plaintiff were to be handcuffed, he would suffer serious injury because of his surgery and condition. Nonetheless, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT

9

COURT OFFICERS did engage in forcibly detaining, constraining and manipulating Plaintiff's arms and hands in a matter that caused him great strain and physical injury.

39)     Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS knew and had reason to know that Plaintiff would undergo serious injury should Defendants engage in forcible restraint and extension of Plaintiff's chest should the Defendants handcuff Plaintiff behind his back. Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS failed to intervene, and did batter and use excessive force in detaining, constraining and manipulating Plaintiff's arms and hands in a matter that caused him great strain and physical injury that required him to undergo a subsequent hospitalization.

40)     Even after his arrest, Plaintiff protested his innocence and continued to complain that he had a heart condition and underwent surgery for his heart, bearing a large scar on his chest as proof, to Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS. Irrespective of Plaintiff's continued protests, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS continued to employ excessive force in the detaining, handcuffing and restraint of Plaintiff. At no point did Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS entertain Plaintiff's warnings or Plaintiff's pleas to not be handcuffed behind his back because of a serious medical condition.

41)     At the time of his arrest, Plaintiff was trying to remedy domestic issues in

his life. Defendants did cause Plaintiff extreme emotional distress by falsely arresting him, threatening him and then employing criminal process to silence Plaintiff from protesting his innocence. Amongst other things, Plaintiff's false arrest strained his relationship with his fiancée, caused him to be unavailable for his children and rendered him unable to obtain and take his required medication(s) for the day of his arrest.

42)    Defendants MARK SURASKY, PETER MANEY, and DEFENDANT COURT OFFICERS did communicate to Defendant PATRICK KELLY false information, *inter alia*, that Plaintiff had impersonated a law enforcement officer. Knowing or having reason to know that Plaintiff did not engage in any criminality, Defendant CAPTIAN PATRICK KELLY failed to intervene and/or stop the illegal detention of Plaintiff.

43)    Instead of investigate and/or evaluate the basis of Plaintiff's arrest by Defendants MARK SURASKY, PETER MANEY, and DEFENDANT COURT OFFICERS, Defendant PATRICK KELLY did continue to process the criminal complaint and initiate criminal process against Plaintiff to which no probable cause existed. In addition, Defendant PATRICK KELLY did not release Plaintiff from his false confinement and/or prevent the restraint of Plaintiff that, amongst other things, caused Plaintiff great physical agony and emotional distress.

44)    Defendant PATRICK KELLY was told by Defendants MARK SURASKY, PETER MANEY, and DEFENDANT COURT OFFICERS the basis of the arrest, and although no probable cause for said arrest existed Defendant PATRICK KELLY informed and/or instructed Defendants MARK SURASKY, PETER MANEY and DEFENDANT COURT OFFICERS to continue to detain the Plaintiff above Plaintiff's

continued protests of innocence and great physical pain and discomfort.

45)    Upon information and belief, Defendants (individually and collectively) knew or had reason to know that Plaintiff engaged in no illegality and or wrongdoing. Upon information and belief, although the circumstances surrounding Plaintiff's possession of his fiancée's identification were explained to Defendants (individually and collectively) by both Plaintiff and Shaqueena Yarbrough, Defendants did detain, restrain, use force and initiate criminal process against Plaintiff on the basis of his race and color.

46)    As a result of his arrest and restraint, Plaintiff underwent severe chest pain, shortness of breath and extreme emotional distress as a result of Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS mistreatment and restraint. Plaintiff was forced to undergo emergency medical treatment at Queens Hospital Center ("Queens Hospital Center") located at 82-68, 164 Street, Queens County, New York.

47)    During his stay at the Queens Hospital Center, Plaintiff suffered shortness of breath, pain that was tearing in nature and was forced to take medication to alleviate the pain he experienced at the hands of Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS.

48)    Plaintiff was confined to a hospital bed for two (2) days, was forced to undergo continued tests, oxygen therapy, supervision and experienced shortness of breath as well as significant physical and emotional pain and suffering as a result of Defendants' collective actions.

12

49)     Plaintiff was under constant supervision and continued restraint at the Hospital by Defendants and New York City Police Officers.

50)     Before his release from the hospital, Plaintiff was forced to take, amongst other things, Rosuvastatin Calcium, Famotidine, Warfarin and Lovenox medication in addition to his regular medication as a result of his physical restraint, arrest and the excessive force experienced at the hands of Defendants.

51)     On May 8, 2013, Plaintiff was released from the aforementioned Queens Hospital Center and was arraigned at the Criminal Court of Queens County, New York ("Criminal Court") on the abovementioned criminal charge. Plaintiff entered a plea of not guilty and was released from Criminal Court that day.

52)     As a result of his arrest and being charge with a misdemeanor offense, Plaintiff was caused great fear, anxiety and concern about his continued ability to stay in the United States and see his children, who are all United States citizens. Plaintiff's fear, apprehension and emotional distress continued and did not abate while the criminal charges were pending against him.

53)     Further, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS knew or had reason to know that Plaintiff engaged in no wrongdoing and was falsely detained and arrested by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS. At no time did Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and/or DEFENDANT COURT OFFICERS intervene.

54)     As a result of the false arrest and malicious prosecution, Plaintiff was

forced to return to the Criminal Court on several occasions where he continued to protest his innocence. Plaintiff was forced to miss work, was stigmatized and suffered loss of reputation and good name because of the actions of Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS.

55) All criminal charges were favorably terminated and dismissed in favor of the Plaintiff on or about March 5, 2014 (see Docket No. 2013QN025065).

56) Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS knew or had reason to know that the false arrest, initiation of false criminal charges, abuse of process and subsequent malicious prosecution would cause Plaintiff great physical and emotional discomfort.

57) As a result of the aforementioned false arrest and malicious prosecution, Plaintiff did suffer loss of reputation and standing in the community.

58) Plaintiff, CARLTON KELLY, continues to suffer exacerbated chest pains, stabbing pains in nature, shortness of breath and other physical ailments as a result of the prolonged detention, force, manipulation and arrest of Plaintiff by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS.

59) Plaintiff, CARLTON KELLY, continues to suffer emotionally and physically, often coping with sleeplessness and night terrors, which affects his ability to function as he did before the incident.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE

60) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 59 of this *Complaint* with the same force and effect as though fully

set forth herein.

61)     Plaintiff made clear he had a medical condition, a serious heart condition, when the Defendants detained, restrained and forcibly handcuffed the Plaintiff. The Defendants' wrongful conduct was illustrated the Defendants' predisposition to abuse, improperly handle, ignore pleas otherwise to batter and assault the Plaintiff, causing serious and permanent injury.

62)     The handling, battery and continued mistreatment of Plaintiff by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS constituted unreasonable and excessive force by court officers, as well as abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiff to violent and abusive actions but failed to prevent same and breached their duty. This summary punishment was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution.    In doing so, the Defendants violated clearly established law and the rights to which CARLTON KELLY was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

63)     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid

15

unlawful conduct of the Defendants.

64)     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - EQUAL PROTECTION

65)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 64 of this *Complaint* with the same force and effect as though fully set forth herein.

66)     The Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS lacked probable cause to arrest or retain Plaintiff in prolonged physical custody for a period of time.

67)     The deliberate indifference, excessive force, manipulation and physical battery of Plaintiff by arrest, detainment and ignorance of his medical condition, wrongful detention, forced arrest without immediate medical attention or care, denial of right to move freely as he wished to go home, hospitalization and summary punishment against the Plaintiff by the Defendants were committed under color of the law, based on Plaintiff's race.

68)     Plaintiff is and was a member of a protected class under the Constitution. Specifically, Plaintiff is of African descent. Plaintiff's class may not be subjected to adverse discriminatory treatment based simply on membership in or identification with

16

that class.

69)     The Defendants acted under color of law to deny the Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection, and due process by falsely battering, wrongfully detaining, excessive use of force, and falsely labeling Plaintiff, for which there was no evidence or substantiation of any kind, based on his race.  In doing so, the Defendants violated clearly established law and the rights to which CARLTON KELLY was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

70)     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

71)     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1983 - ALTERNATE LIABILITY

72)     Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 71 of this *Complaint* with the same force and effect as though fully set forth herein.

73)     Defendants MARK SURASKY, PETER MANEY, and PATRICK KELLY and DEFENDANT COURT OFFICERS lacked justifiable reason and rational basis, and thereby engaged in wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, causing deprivation of Plaintiff's rights, privileges, and/or immunities secured by the Constitution and laws. Plaintiff was made to suffer physical injuries, great pain, loss of esteem and suffering, and who was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the Defendant Officers' unlawful conduct.

74)     Plaintiff acknowledges that *Respondeat Superior* is not now a basis for PATRICK KELLY's liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in Board of City Commissioners of Bryan County , Oklahoma v. Jill Brown, 520 U.S. 597 (1997), and based upon the literature addressing the issue.

75)     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

18

76)     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**AS AND FOR A FOURTH COUNT**
42 U.S.C. § 1983 - FALSE ARREST

77)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 76 of this *Complaint* with the same force and effect as though fully set forth herein.

78)     The accusations of wrongful actions leveled against Plaintiff, CARLTON KELLY were false and the Defendants had no probable cause to believe that they were true.

79)     The false arrest of CARLTON KELLY without probable cause, and other wrongful acts conducted against Plaintiff by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS constituted a violation of Plaintiffs' rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious beatings, false arrest and summary punishment and execution, but failed to prevent same and breached their duty.

80)     As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of

his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers.

81)     That by reason of the foregoing, Plaintiff suffers and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A FIFTH COUNT
42 U.S.C. §§ 1983 and 1985 - ABUSE OF PROCESS

82)     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 81of this *Complaint* with the same force and effect as though fully set forth herein.

83)     The Defendants, MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS,  acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff, a black male of Jamaican descent,  of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments  and other laws  in violation of 42 U.S.C. § 1983, constituting a conspiracy, because of or on account of Plaintiff's race and/or color.

84)     Abuse of process is evidenced by Defendants' refusal, delay, or intentional, deliberate and/or negligent prolonged detention and investigation of the incident  surrounding  the  arrest,  subsequent  forcible  restraint,  detainment,

20

hospitalization, initiation of criminal process and subsequent prosecution of CARLTON KELLY.

85)     The Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS had a duty to conduct a prompt, full and fair investigation of the incident surrounding the false arrest and hospitalization of Plaintiff, yet the Defendants failed to properly review and conduct an investigation of Defendant Officers, agents, and/or employees of the NEW YORK STATE OFFICE OF COURT ADMINISTRATION in a timely manner for their unjust and unlawful actions.

86)     A lawful criminal process was perverted by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS in failing to investigate the matter of Plaintiff's false arrest and imprisonment and/or presenting the matter of said false arrest and imprisonment to the Grand Jury for indictment.

87)     Such actions were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

88)     As a direct and proximate result Plaintiff suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

89)     That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
42 U.S.C. § 1981

90)	Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 89 of this *Complaint* with the same force and effect as though fully set forth herein.

91)	The Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff, a black male citizen of Jamaican heritage, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws  in violation of 42 U.S.C. § 1981.

92)	In derogation of their duty, Defendants, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the restrain, excessive force, physical abuse, false arrest, and/or false imprisonment of Plaintiff CARLTON KELLY, and therefore are liable  to Plaintiff for all direct and proximate results of said acts.

93)	In derogation of their duty, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS, having the power to do so, failed to administrate, investigate, and review the unjust and wrongful detention of CARLTON KELLY by Defendant Officers.   Defendants' reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the Defendant Court Officers, with respect to the excessive use of force against CARLTON KELLY.

94)    Said actions by Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS denied the Plaintiff his Constitutional rights, including but not limited to due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiff under 42 U.S.C. § 1981. Said acts were motivated by race and color, and marked by the conduct of Defendants support the motivation.

95)    As a direct and proximate result of said acts, Plaintiff was deprived of his freedom, was seriously and permanently injured, and was subjected to great fear, terror, personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress, all as a result of the aforesaid unlawful conduct of Defendants.

96)    That by reason of the foregoing, Plaintiff suffers and continue to suffers irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR AN SEVENTH COUNT
42 U.S.C. § 1985

97)    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 96 of this *Complaint* with the same force and effect as though fully set forth herein.

98)    Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS did intend and conspire to deprive Plaintiff, a black male, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of

23

rights by acting in concert to unlawfully detain, arrest, and subject Plaintiff to great physical and emotional pain and injury because of or on account of Plaintiff's race and/or color.

99) Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully detain, arrest, and subject Plaintiff to great physical and emotional pain and injury without reason or justification, rule of law, and by further denying the Plaintiff  his 5th Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beating causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

100) The actions by Defendants denied the Plaintiff his due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 1983, 1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

101)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

102)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## **AS AND FOR A EIGHTH COUNT**
### 42 U.S.C. § 1986 - FAILURE TO INTERVENE

103)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 102 of this *Complaint* with the same force and effect as though fully set forth herein.

104)   The Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff, a black male,  of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the 4th, 5th, 14th Amendments and other laws  in violation of 42 U.S.C. §§ 1983 and 1985 because of or on account of Plaintiff's color and/or race.

105)   In derogation of their duty, Defendants MARK SURASKY, PETER

25

MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS, having the power to do so, failed to prevent the commission of, or neglected or refused the same, the forcible restrain, unlawful detention and arrest, mistreatment and physical abuse of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

106)   In derogation of their duty, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS having the power to do so, failed to prevent the abuse of process and malicious prosecution of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

107)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

108)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

### AS AND FOR A NINTH COUNT
### NEGLIGENCE
### PENDENT JURISDICTION

109)   Plaintiff repeats and re-alleges each and every allegation contained in

paragraph 1 through 108 of this *Complaint* with the same force and effect as though fully set forth herein.

110)   Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff. Defendant Court Officers had a duty not to subject Plaintiff to false arrest, false imprisonment, wrongful institutionalization, excessive force, battery, forced jailing in the Family Court, denial of right to move freely as he wished, hospitalization and summary punishment or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent court officers, by not taking actions which would endanger the life of Plaintiff and not using excessive force or otherwise violating the Constitutional and civil rights of Plaintiff. Defendant Officers, in their actions, breached those duties.

111)   Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS, their agents, employees, and/or servants, violated the Plaintiff's rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to train, supervise, discipline, and investigate  the Defendant Officers involved in the instant matter. Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS knew or should have known of the Defendant MARK SURASKY, PETER MANEY, PATRICK KELLY and DEFENDANT COURT OFFICERS' propensities for the conduct which caused substantial and severe injury to the Plaintiff.

112)   In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

113)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR AN TENTH COUNT
**BATTERY**
**PENDENT JURISDICTION**

114)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 113 of this *Complaint* with the same force and effect as though fully set forth herein.

115)   Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS having illegally and unlawfully detained Plaintiff, battered, restrained and ignored the pleas for medical necessity of Plaintiff, refused to provide medical care to Plaintiff, continued to violate the rights of the Plaintiff as well as the laws of the State of New York when while continuing to deprive the Plaintiff, with medical care and assistance immediately upon restraint. Defendant Officers subjected Plaintiff to additional battery by restraint, arrest and continued detention whereby being handcuffed caused Plaintiff immediate strain, pain, shortness of breath and extreme discomfort because of his aforementioned heart condition.

28

116)    Defendant Officers wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure physical pain and abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

117)    Plaintiff was battered, hurt, thrown, violently handled, forcibly restrained, confined and physically abused against his will. After his restraint, Plaintiff's breathing became irregular, he became extremely fearful of his life, he begged and pleaded for the Court Officers, Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS to remove the handcuffs, that he was guilty of no wrongdoing and that he suffered a serious heart condition. Plaintiff was in great physical pain and agony yet Defendants continued to subject Plaintiff to physical battery, handling, and confinement.

118)    Defendant Officers did restrain, use force and abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

119)    In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

120)    That by reason of the foregoing, Plaintiff suffered and continues to suffer

irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A ELEVENTH COUNT
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
PENDENT JURISDICTION**

121)  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 120 of this *Complaint* with the same force and effect as though fully set forth herein.

122)  The Defendants MARK SURASKY, PETER MANEY, PATRICK KELLY, and DEFENDANT COURT OFFICERS, through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully restraining, confining, depriving of medical care, and handcuffing Plaintiff, CARLTON KELLY, behind the back to cause him great physical agony and (b) concealing, covering up, and failing to redress the wrongs done to CARLTON KELLY. As a result, Plaintiff, CARLTON KELLY has suffered great pain, shame, humiliation and anguish.

123)  The Defendants committed the above stated reprehensible, extreme and outrageous conduct against CARLTON KELLY, with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to CARLTON KELLY, with such extreme emotional harm being intended.

124)  The Defendants knew or had reason to know that CARLTON KELLY suffered from a heart condition and would be subject to forcible removal from the United

States should he be found guilty of a crime. Defendants, individually and collectively, acted with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to CARLTON KELLY during the pendency of criminal charges, nine (9) months, whereby Defendants knew or had reason to know Plaintiff CARLTON KELLY was not guilty of such criminal activity but Defendants acted to caused him extreme emotional harm by virtue of his immigration, physical and emotional status.

125)   Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, CARLTON KELLY, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiff further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that he was debilitated, humiliated, and caused to suffer fear for his life, well-being, and anguish by the acts of the Defendants.

126)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.      on the First Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

b.      on the Second Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

c.      on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

d.      on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

e.      on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

f.      on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

g.      on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

h.      on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

i.      on the Ninth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

j.      on the Tenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

k.      on the Eleventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

l.      Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

m.      Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

n.      Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

o.      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

p.      Award such other and further relief as this Court may deem appropriate.

### *A JURY TRIAL IS HEREBY DEMANDED*

Dated: Hicksville, New York
          November 4, 2015

                                        Respectfully submitted,

                                        THE REIBSTEIN LAW GROUP and
                                        THE LAW OFFICES OF
                                        CORY H. MORRIS


                              By:  _____ */S/* _____
                                        *Attorney(s) for Plaintiff*

33